BERANEK, Judge.
The defendant appeals an adverse final summary judgment. Plaintiff sued on a written personal guarantee in which defendant promised to be responsible for advertising expenses incurred by a corporate principal. Defendant contends the trial court erred in failing to grant judgment on the pleadings in defendant’s favor and in striking the defendant’s affirmative defense based on the Statute of Limitations. We find error in the striking of the affirmative defense and reverse.
Since both parties agree that the guarantee is governed by a five-year Statute of Limitations, we do not decide this question. The issue litigated below was when the limitation period began to run. Defendant contends the statute began to run at the moment the guarantee was signed without regard to when the principal first defaulted. The trial court correctly rejected this contention and denied defendant’s motion for judgment on the pleadings. The limitation period began to run upon the default.
At the time of the striking of the affirmative defense, there was no indication in the record as to when the default in payment first occurred. Although RCP 1.140(b) provides for the striking of defenses for failure to “state a legal defense,” this Rule could not have been a basis for striking this defense since the starting time for computing the period was not yet established. The defense of the Statute of Limitations should have remained in the case. Depending upon the established date of default, the defense may or may not have survived the eventual motion for summary judgment. The summary judgment below is reversed. The case is remanded for further proceedings consistent with this opinion.
CROSS, MOORE and BERANEK, JJ., concur.